USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-12-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LIONEL HUDSON,                      :
                                    :
               Plaintiff,           :   07 Civ 7003
                                    :
     - against -                    :   **DECISION AND ORDER**
                                    :
CAPTAIN LOCKHART, et al.,           :
                                    :
               Defendants.          :
------------------------------------X

**VICTOR MARRERO**, United States District Judge.

## I.   BACKGROUND

Pro se plaintiff Lionel Hudson ("Hudson") filed this action on August 6, 2007 asserting claims under 42 U.S.C. §§ 1983, 1985, 1986 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. in connection with injuries Hudson allegedly suffered while incarcerated at facilities of the New York City Department of Correction ("DOC"). The ten named and John Doe defendants (collectively "Defendants") are correction and medical staff at DOC facilities. To date, plaintiff has served process on only two defendants, Physician Assistants Tam ("Tam") and Schwaner ("Schwaner"). By Order dated January 4, 2008, the Court directed Hudson to inform the Court whether he contemplated further proceedings in this action and, if so, to show cause by January 18, 2008 why service had not been made on the remaining defendants. At Hudson's request, the Court extended that deadline to January

31, 2008. To date, Hudson has not served any other defendants.

On February 29, 2008 Defendants moved to dismiss the complaint. As grounds for their motion, Defendants assert that: (1) the Court lacks subject matter jurisdiction to grant the injunctive relief Hudson has requested; (2) the complaint does not sufficiently plead personal involvement by Tam and Schwaner in Hudson's alleged injuries; (3) Hudson has not sufficiently asserted facts to state a claim pursuant to §§ 1983 or 1985 or the ADA; (4) Hudson has not effectuated service upon any other defendants; and (5) the institutional defendant Hudson identified as "Bellevue Hospital Medical Department, Prison Ward," is not an entity legally subject to suit. By Order dated April 21, 2008 (the "April 21 Order"), the Court directed Hudson to show cause by April 28, 2008 as to why no response to Defendants' pending motion had been filed, and warned that in the event no timely response was made to that Order, the Court would proceed to consider the motion on the basis of the papers on file. Hudson has not responded to the April 21 Order. Accordingly, the Court has reviewed Defendants' motion and on the basis of its consideration of the complaint and Defendants' submissions in connection with the instant proceeding, the Court grants Defendants' motion.

## II. STANDARD OF REVIEW

In evaluating the sufficiency of the pleadings on a motion to dismiss pursuant to Federal Civil Procedure 12(b)(6), the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss, a plaintiff "must assert a cognizable claim and allege facts that, if true, would support such a claim." Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). Thus, Hudson's complaint must set forth enough factual allegations "to raise a right to relief above the speculative level," Bell Atl. Corp. V. Twombly, 127 S.Ct. 1955, 1965 (2007). Though pro se plaintiffs' pleadings should be read to raise the strongest arguments they suggest, see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007), pro se status does not relieve plaintiffs of the obligation to comply with the pleading standards of the Federal Rules of Civil Procedure. Nor does the latitude accorded pro se litigants excuse them from meeting the requirements necessary to respond to dispositive motions, or from meeting deadlines set by the Court to file opposition. See Jorgensen v. Epic/Sony Records, 351 F.3d 46, 50 (2d Cir. 2003); Hamlett v. Srivastava, 496 F. Supp. 2d 325, 328 (S.D.N.Y. 2007). In connection with a motion to dismiss to

which the plaintiff has failed to respond, the Court may consider the motion as unopposed and deem the underlying claims as abandoned. See Johnson v. Commissioner of Soc. Sec., 519 F. Supp. 2d 448, 449 (S.D.N.Y. 2007) (citing In re Refco Capital Mkts., Ltd. Brokerage Cust. Secs. Litig., No. 06 Civ. 643, 2007 WL 2694469, at *6 (S.D.N.Y. Sept. 13, 2007)). Nonetheless, the Court has evaluated the sufficiency of Hudson's pleadings and claims and finds that, even if not abandoned, his complaint is fundamentally deficient and warrants dismissal.

### III. FACTS

Hudson alleges that he is confined to a wheelchair and wears a leg brace as a result of several gunshot wounds, from which he suffers severe physical and emotional pains. He claims that while in the custody of Defendants at a DOC facility from May 2005 to August 2006 he was denied adequate medical treatment for his various ailments, and that in consequence his medical condition worsened. He also claims that Defendants failed to provide sufficient protection from violence by other inmates, as a result of which he was assaulted, and that he was constantly verbally harassed and threatened by Defendants. He claims that various parts of the DOC facilities where he was housed were not accessible by wheelchair, in violation of the ADA, and that on several

occasions Defendants improperly deprived him of his wheelchair and leg brace, causing him severe pain and making his injuries worse.

## IV. DISCUSSION

Defendants assert that Hudson's claim for declaratory injunctive relief is moot because he was transferred from the DOC facilities in which the actions complained of occurred and is thus no longer in the custody of Defendants. The Court agrees. See Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006).

A close reading of Hudson's complaint fails to reveal any pleadings of facts sufficiently alleging any direct personal involvement by Tam and Schwaner in the injuries Hudson asserts. Accordingly, those claims must be dismissed. See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)). Similarly, Hudson asserts in general, conclusory terms that he was denied adequate medical treatment at the DOC facilities and that Defendants were thus deliberately indifferent to his serious medical needs. But the complaint fails to provide sufficient details to satisfy the applicable standard to state an Eighth Amendment claim arising out of an alleged failure to provide adequate medical care: both the objective "medical need" element that measures the severity of the deprivation asserted

and the subjective "deliberate indifference" element that measures whether the prison officials acted with sufficiently culpable state of mind. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Smith v. Carpenter, 316 F.3d 178, 183-84 (2d Cir. 2003); Boddie, 105 F.3d at 861. Hudson's pleadings do not specify which particular Defendants knew of and disregarded an excessive risk to his health or safety, and were otherwise involved in the constitutional and statutory violations he asserts and what actions they took to produce the injuries he claims. See Smith, 316 F.3d at 184 (stating that because "the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law not every lapse in prison medical care will rise to the level of a constitutional violation.") (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). On this basis, the complaint does not contain sufficient factual allegations to defeat a motion to dismiss. See Bell Atl., 127 S. Ct. at 1964-65; Brock v. Wright, 315 F.3d 158, 164 (2d Cir. 2003). Moreover, Hudson's allegations of verbal abuse and threats unaccompanied by physical injury do not suffice to state a claim of constitutional violations under § 1983. See Harris v. Keane, 962 F. Supp. 397, 406 (S.D.N.Y. 1997) (citing Purcell v. Coughlin, 790 F.2d 263-265 (2d Cir. 1986)). Hudson's § 1983 claim against the named Defendants in their official capacity

must be dismissed as well because he has failed to state that the alleged violation of the constitutional rights at issue derived from a municipal policy or practice. See Monell v. Department of Soc. Servs., 436 U.S. 658, 690 (1978).

Nor does Hudson's attempt to assert a conspiracy claim under 42 U.S.C. § 1985 provide sufficient factual detail to satisfy the minimum pleading standard demonstrating that Defendants acted in concert or with discriminatory animus based on Hudson's membership in a protected class. See Dwares v. City of New York, 985 F.2d 94, 100-101 (2d Cir. 1993). Finally, Hudson's ADA claims against the individual Defendants under the ADA must be dismissed because the ADA creates a right for disabled persons to redress discrimination by a "public entity"; individuals are thus not subject to ADA actions brought against them in their official or representative capacities. See Carrasquillo v. City of New York, 324 F. Supp. 2d 428, 442 (S.D.N.Y. 2004) (citing Hallet v. New York State Dep't of Corr. Servs., 109 F. Supp. 2d 199-200 (S.D.N.Y. 2000)).

## V. ORDER

For the reasons stated above, the motion of defendants herein (Docket No. 12) to dismiss the complaint of plaintiff Lionel Hudson is GRANTED.

The Clerk of Court is directed to withdraw all pending motions and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         12 May 2008

                                    _____
                                       VICTOR MARRERO
                                          U.S.D.J.